**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS FELIPE ZEPEDA-
MARTINEZ; ARLENA SARAHI
DOMINGUEZ-FUNEZ; ENOC ZEPEDA-
DOMINGUEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3906

Agency Nos.
A220-680-151
A220-940-358
A220-940-339

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2024[**]
San Francisco, California

Before: McKEOWN, KOH, and JOHNSTONE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     This case is submitted without oral argument pursuant to the government's unopposed motion to submit on the briefs. *See* Dkt. No. 25.

Luis Felipe Zepeda-Martinez petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal. The BIA adopted and affirmed the Immigration Judge's ("IJ") denial of Zepeda-Martinez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the IJ's denial of his family's derivative applications. *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994).

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts, we need not recount them here.

Substantial evidence supports the BIA's determination that Zepeda-Martinez failed to establish asylum eligibility. To qualify for asylum, an applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024). The IJ did not err in determining that Zepeda-Martinez had not shown he experienced past harm rising to the level of persecution; he had not evinced an objectively reasonable fear of future persecution based on a protected ground; the harm he experienced bore no nexus to a protected ground; and he had not identified a cognizable particular social group.

Because "[w]ithholding's clear-probability standard is more stringent than asylum's well-founded-fear standard," a failure to establish eligibility for asylum

necessitates a failure to establish eligibility for withholding of removal. *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2022) (internal quotations and citation omitted).

Finally, substantial evidence supports the denial of CAT relief. To qualify for CAT relief, a noncitizen must establish that it is "more likely than not that he or she would be tortured if removed," and that public officials would either "carr[y] out or knowingly acquiesce[] in" the torture. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (internal quotations and citations omitted). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." 8 C.F.R. § 1208.18(a)(2). The BIA did not err in concluding that the 2019 attack did not meet this high bar. Additionally, Zepeda-Martinez did not submit any additional evidence supporting likely future torture. Denial of CAT relief was proper.

**PETITION DENIED.**